United States District Court
Northern District of California

1
2
3
4      UNITED STATES DISTRICT COURT

5      NORTHERN DISTRICT OF CALIFORNIA

6

7   KASRA ELIASIEH,                                Case No.18-cv-03622-JSC

8                      Plaintiff,

9          v.                                      **ORDER GRANTING MOTION TO SET
                                                   ASIDE DEFAULT AND DENYING
10  LEGALLY MINE, LLC,                             MOTION FOR DEFAULT JUDGMENT**

11                     Defendant.                  Re: Dkt. Nos. 18, 36

12

13         Plaintiff Kasra Eliasieh filed this putative class action against Defendant Legally Mine,

14  LLC alleging violation of state law.  After Defendant failed to timely file an answer or responsive

15  pleading, Plaintiff filed a motion for entry of default which was granted.  On the same day

16  Plaintiff filed his motion for default judgment, Defendant filed a motion to set aside default.[1]

17  (Dkt. Nos. 18 & 36.)  After carefully considering the arguments and briefing submitted, the Court

18  concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the January 17,

19  2019 hearing date, GRANTS the motion to set aside default, and DENIES the motion for default

20  judgment as moot.

21                                  **BACKGROUND**

22         In October 2016, Plaintiff signed up for an asset protection plan with Legally Mine aimed

23  at physicians such as himself.  (Dkt. No. 1 at ¶¶ 1, 11-12.)  In doing so, Plaintiff authorized

24  Legally Mine to charge his personal credit card $7,800.  (*Id.* at ¶¶ 19-23.)  Plaintiff later

25  determined that the program was likely a scam and sought to cancel the plan and obtain a refund.

26  (*Id.* at ¶¶ 49, 56-58.)

27  _____

28  [1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
    636(c).  (Dkt. Nos. 5, 14, 34.)

1    After failing to receive a refund, Plaintiff filed this action against Defendant Legally Mine

2    on June 18, 2018, on his behalf as well as on behalf of a class of (1) California physicians and

3    dentists who had signed up for an asset protection plan with Defendant in the last four years, and

4    (2) California physicians and dentists who had signed up for an asset protection plan with

5    Defendant using a credit card. Plaintiff's complaint alleges violation of California consumer

6    protection statutes as well as other state law contract-based claims.

7    A little less than a month later, Defendant sought and obtained a 45-day extension of time

8    to answer or file a responsive pleading "so that further negotiation may be attempted to resolve

9    and settle the matter." (Dkt. No. 11 at 1:21-22; Dkt. No. 12.[2]) Defendant thereafter failed to

10    timely file a responsive pleading, and two days after the deadline to do so, Plaintiff moved for

11    entry of default which was granted a few days later. (Dkt. Nos. 15, 16.) A month later, Plaintiff

12    moved for entry of default judgment and the same day, October 12, 2018, Defendant moved to set

13    aside default. (Dkt. Nos. 18, 20.) The Court declined to take any action on Defendant's motion to

14    set aside default because Defendant's counsel was not admitted to practice in this Court. (Dkt.

15    No. 21.) Two weeks later, Defendant's counsel notified the Court of her admission and the Court

16    set a hearing on the motions for default judgment and to set aside default. (Dkt. Nos. 24, 25.)

17    Shortly thereafter, the parties filed a stipulation to move the hearing dates because Defendant had

18    obtained new counsel, which the Court granted. (Dkt. No. 28.) The parties then filed another

19    stipulation allowing Defendant to refile its motion to set aside default (because it was erroneously

20    based on California rather than federal law) and to amend the briefing schedule on Plaintiff's

21    motion for default judgment. (Dkt. No. 32.) The Court granted this stipulation as well. (Dkt. No.

22    35.) The parties' motions are now fully briefed.

### DISCUSSION

24    Pursuant to Federal Rule of Civil Procedure 55(c), a district court may set aside the entry

25    of default upon a showing of good cause. "To determine 'good cause', a court must consider three

26    factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led

27

28    [2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default

2    judgment would prejudice the other party." *United States v. Signed Pers. Check No. 730 of Yubran*

3    *S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotation marks and alterations omitted).

4    The moving party bears the burden of showing that these factors weigh in favor of granting the

5    motion to set aside default. *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d

6    922, 926 (9th Cir. 2004). The standard is disjunctive, such that a finding that any one of these

7    factors is true is sufficient reason for the district court to refuse to set aside the default. *Id*.

8    However, even if one of the factors weighs against the defendant, the court may still exercise its

9    discretion and grant the motion. *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111-12 (9th Cir.

10   2011) ("A district court may exercise its discretion to deny relief to a defaulting defendant based

11   solely upon a finding of defendant's culpability, but need not."). Put another way, the defendant

12   must show that "any of these factors favor[s] setting aside the default," and the default may stand

13   if any of the three factors weighs against the defendant. *Franchise Holding II*, 375 F.3d at 926.

14        When considering whether to set aside default, a court should bear in mind that "judgment

15   by default is a drastic step appropriate only in extreme circumstances; a case should, whenever

16   possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (internal citation omitted); *see also*

17   *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). In addition, any doubt about the cause of default

18   should be resolved in favor of the motion to set aside the default so that the case may be decided

19   on its merits. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

20        Defendant insists that there is good cause to set aside the default here because it did not

21   engage in culpable conduct, it has meritorious defenses, and Plaintiff will not be prejudiced.

22   Plaintiff concedes that Defendant has meritorious defenses but insists that Defendant's failure to

23   respond was culpable and that it will be prejudiced should default be set aside.

24        **A. Culpability**

25        "[A] defendant's conduct is culpable if he has received actual or constructive notice of the

26   filing of the action and *intentionally* failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244

27   F.3d 691, 697 (9th Cir. 2001) (emphasis in original; internal quotation marks omitted), *overruled*

28   *in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "[I]n this

3

1   context the term 'intentionally' means that a movant cannot be treated as culpable simply for

2   having made a conscious choice not to answer; rather ... the movant must have acted with bad

3   faith, such as an intention to take advantage of the opposing party, interfere with judicial

4   decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092 (internal

5   quotation marks and citation omitted); *see also TCI Grp.*, 244 F.3d at 699 (noting that conduct is

6   culpable when it demonstrates a "devious, deliberate, willful, or bad faith failure to respond"). In

7   other words, "intentional" in the default context is something more than merely "the result of

8   conscious choice" not to respond.  *TCI Grp.*, 244 F.3d at 697.

9         Here, Defendant contends that its failure to respond was based on excusable neglect

10  because it believed that the parties were in settlement discussions and once it became apparent that

11  was not the case, Defendant engaged in a series of procedural missteps with respect to its request

12  to set aside default.  In support of its argument, Defendant identifies an email sent by Defendant's

13  in-house counsel, Jarom Hillery, two days after the responsive pleading deadline—which

14  Defendant concedes it missed—stating that he was writing "in regards to our conversation from

15  about a month ago" where he "asked if you would talk to your client and come back with an offer

16  for settlement." (Dkt. No. 39 at ¶¶ 13-14; Dkt. No. 39-1.)   Mr. Hillery stated that he had not

17  received a response, but noted that "Legally Mine is still interested in reaching a mutual

18  settlement." (*Id*.)  Plaintiff responded a few hours later stating that he had filed a motion for

19  default earlier that day.  (Dkt. No. 39-1.)  The parties then exchanged emails regarding potential

20  settlement but were not able to resolve the matter.  (Dkt. No. 39 at ¶¶ 16-20.)  About six weeks

21  later, Defendant filed a motion to set aside default, but the counsel who did so was not admitted to

22  practice before this Court and thus the Court declined to take any action on the motion. (Dkt. No.

23  21.)  Defendant later obtained new counsel who sought leave to refile the motion to set aside

24  default because the prior motion was erroneously based on California rather than federal law.

25  (Dkt. No. 32.)

26        Plaintiff insists that these actions reflect culpable conduct on Defendant's part because it

27  was trying to coerce a settlement out of Plaintiff.  Plaintiff likens Defendant's conduct here to that

28  of the Defendant in *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987), where

4

1    the defendants admitted they received the complaint but decided not to respond to it.  Here, in

2    contrast, there is no dispute that in response to the Complaint Defendant's in-house counsel

3    reached out to Plaintiff to resolve the issue informally.  (Dkt. No. 39 at ¶¶ 5-10.)  While Defendant

4    thereafter failed to timely file an answer, Mr. Hillery's declaration and the attached email attest

5    that he was waiting for a response from Plaintiff to his request for a settlement offer.[3]  Defendant's

6    conduct may well have lacked the necessary care, but it does not rise to the level of culpability—

7    "a movant cannot be treated as culpable simply for having made a conscious choice not to answer;

8    rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *Mesle*,

9    615 F.3d at 1092 (internal citation and quotation marks omitted).  No such intent is found here.

10   Considering the Ninth Circuit's preference that cases be decided on their merits, the Court finds

11   that this factor weighs in favor of setting aside entry of default.

12           **B. Meritorious Defenses**

13           Plaintiff does not dispute that Defendant could raise meritorious defenses. (Dkt. No. 47 at

14   5 n.1.) As such, this factor weighs in favor of setting aside default.

15           **C. Prejudice**

16           The third factor considers whether setting aside default would prejudice the plaintiff. *See*

17   *Mesle*, 615 F.3d at 1091. "To be prejudicial, the setting aside of a default must result in greater

18   harm than simply delaying resolution of the case, or forcing the plaintiff to litigate on the merits."

19   *Dao*, 2015 WL 457814, at *3 (citing *TCI Grp*., 244 F.3d at 701). The standard is whether setting

20   aside default will hinder the plaintiff's ability to pursue her claim by showing some "tangible harm

21   such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or

22   collusion." *TCI Grp*, 244 F.3d at 701 (quoting *Thompson v. Am. Home Assur. Co*., 95 F.3d 429,

23   433–34 (6th Cir. 1996)).

24           Plaintiff insists that he would be prejudiced because if the default is set aside, Defendant

25   will seek to compel arbitration which would deprive Plaintiff of his right to a jury trial.  But if

26   there had been no default, Defendant would likely have moved to compel arbitration.  Plaintiff is

27

28   [3] Plaintiff's counsel's declaration does not dispute this fact, but instead points the fact that
     Defendant had not reached out to Plaintiff again between July 11 and August 29.  (Dkt. No. 47-1.)

                                                      5

in no different position with respect to any motion to compel arbitration than if Defendant had timely answered and thereafter moved to compel arbitration.[4]  "A default judgment gives the plaintiff something of a windfall by sparing her from litigating the merits of her claim because of her opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *TCI Grp.*, 244 F.3d at 701.  The Court thus concludes that this factor likewise weighs in favor of setting aside default.

***

Given that all three *Mesle* factors weigh in favor of setting aside Defendant's default, the motion is granted.  The Court in its discretion declines Plaintiff's request to order Defendant to pay its attorney's fees and costs as a sanction.

## CONCLUSION

For the reasons stated above, Defendant's motion to set aside default is GRANTED.  (Dkt. No. 36.)  The motion for default judgment is therefore DENIED AS MOOT.  Defendant shall file an answer or responsive pleading within 21 days of this Order. The initial case management conference is scheduled for March 7, 2019 at 1:30 p.m. and a joint case management conference statement shall be filed by March 1, 2019.

This Order disposes of Docket Nos. 18 and 36.

**IT IS SO ORDERED.**

Dated: January 15, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

_____

[4] Plaintiff's related request that if default is set aside, the Court find that Defendant has waived its right to move to compel arbitration lacks any legal support.

6