UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASRA ELIASIEH,<br>    Plaintiff,<br>v.<br>LEGALLY MINE, LLC,<br>    Defendant. | Case No. 18-cv-03622-JSC<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION**<br>Re: Dkt. No. 1 |

Plaintiff Kasra Eliasieh brings various state law claims against Defendant Legally Mine, LLC as a putative class action arising from Plaintiff's purchase of an asset protection plan. (Dkt. No. 1.)[1] The Court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented . . . Subject matter jurisdiction can never be waived or forfeited").

Plaintiff, as "[t]he party seeking to invoke the district court's diversity jurisdiction . . . bears the burden of . . . pleading . . . diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016). Plaintiff alleges that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) "because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000." (Dkt. No. 1 at ¶ 1.) This conclusory allegation—devoid of any connection to the facts—is insufficient to satisfy Plaintiff's burden. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003) ("Conclusory allegations as to the amount

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

in controversy are insufficient.").

The complaint does not contain a demand for a particular amount of damages and does not otherwise allege facts satisfying the amount-in-controversy requirement. Instead, Plaintiff alleges that he paid $7,800 to Defendant for the asset protection plan on October 13, 2016. (Dkt. No. 1 at ¶ 23.) There are no other facts alleged in the complaint that make it self-evident that diversity jurisdiction is satisfied. Plaintiff's complaint therefore fails to allege diversity jurisdiction because it is not apparent that the matter in controversy—concerning a $7,800 purchase—exceeds $75,000.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE as to how the Court has subject matter jurisdiction over this action. **Plaintiff shall show cause in writing on or before April 11, 2019.** Defendant may reply by April 17, 2019.

**IT IS SO ORDERED.**

Dated: April 3, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge