DAVID M. ROSENBERG-WOHL (Cal. Bar No. 132924)
HERSHENSON ROSENBERG-WOHL,
A PROFESSIONAL CORPORATION
315 Montgomery St., 10th Fl.
San Francisco, CA 94104
(415) 829-4330
david@hrw-law.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASRA ELIASIEH, M.D., ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>LEGALLY MINE, LLC, AND DOES 1-10,<br><br>Defendants. | Case No. 3:18-cv-03622-JSC<br><br>**REPLY ISO MOTION (1) TO LIFT STAY OF PROCEEDINGS AND REINSTATE PLAINTIFF'S CASE; (2) FOR ATTORNEYS' FEES AND ANCILLARY RELIEF; AND (3) TO PERMIT PLAINTIFF TO FILE AMENDED COMPLAINT [CLASS ACTION]; MEMORANDUM OF POINTS AND AUTHORITIES ISO SAME; SUPPLEMENTAL ROSENBERG-WOHL DECLARATION ISO SAME**<br><br>DATE: FEBRUARY 27, 2020<br>TIME: 9:00 AM<br>ROOM: E |

Legally Mine required its customers to bring their claims to the AAA – not to use any particular rules that the AAA may have had available. Plaintiff chose the Consumer Rules. The AAA administrators agreed that was the right choice. Legally Mine had a clear path to follow at that point if it wanted review of that administrative decision: raise its objection by the time its answer was due and an arbitrator would decide this gateway issue. *See* Consumer Rule R-1(e): "The AAA has the initial authority to apply or not to apply the Consumer Arbitration Rules. If either the consumer or the business disagrees with the AAA's decision, the objecting party must submit the objection by the due date for filing an answer to the demand for arbitration. If an objection is filed, the arbitrator shall have the authority to make the final decision on which AAA rules will apply." [Attached at Docket 76-4 at 61.]

Legally Mine didn't do this. Instead, it delayed, refusing to do what the AAA required of it, letter after letter. The AAA declined to administer the dispute as well as any further dispute involving this particular clause. And Legally Mine writes emails and makes calls hoping the AAA (and this Court) will change the determination made by the AAA itself.

1. <u>There is no reason to further delay this case</u>.

Legally Mine admits (as it must) two independent grounds for reopening litigation: default and breach of contract (arguments 1 and 3).

Regarding waiver (argument 2), Legally Mine's refusal to follow AAA rules – the rules it had agreed to follow – is conduct inconsistent with its right to arbitrate, plain and simple. Even though waiver can be found where a party chooses litigation instead of arbitration, how much more so when it refuses both litigation and arbitration. The *Cox* factors cited by Legally Mine include, at the very top, actions inconsistent with the right to arbitrate. *Cox* at 1124.

Legally Mine has most specifically waived its right to challenge the AAA administrative determination before an arbitrator under Consumer Rule R-1(e). Instead, it attempts to litigate this issue here, before the Court. See Memo 11-13; Lattin Decl. para. 9 ("Legally Mine would like the opportunity to address application of the Consumer Rules under R-1(e)"). *See* Dock. 76 and 76-2, respectively.

Aside from the fact this is the wrong forum, and that is is too late, it bears mention that the case upon which Legally Mine relies, *Crook*, was a case where the parties had expressly incorporated the Commercial Rules. *See Crook v. Wyndham Vacation Ownership, Inc.*, 2015 U.S.Dist.LEXIS 94983, at *3 (N.D. Cal.) ("The dispute resolution clause provides that the dispute resolution process 'shall be conducted in accordance with procedures that are equivalent in substance to the Commercial Arbitration Rules of the American Arbitration Association'"). Here, of course, all that the contract says is that disputes are to be resolved by "binding arbitration conducted in the state of Utah by the American Arbitration Association." [Attached at Dock. 49-2, Ex. 2 (2d page).

REPLY ISO MOTION (1) TO LIFT STAY OF PROCEEDINGS AND REINSTATE PLAINTIFF'S CASE; (2) FOR ATTORNEYS' FEES AND ANCILLARY RELIEF; AND (3) TO PERMIT PLAINTIFF TO FILE AMENDED COMPLAINT [CLASS ACTION]; MEMORANDUM OF POINTS AND AUTHORITIES ISO SAME; SUPPLEMENTAL ROSENBERG-WOHL DECLARATION ISO SAMEDATE: FEBRUARY 27, 2020TIME: 9:00 AMROOM: E    3

2. <u>Legally Mine continues to show that its conduct merits sanctions</u>.

Legally Mine does not deny that this Court strongly suggested that it was inclined to award fees – the question was whether Legally Mine could negotiate some mutually satisfactory solution with Plaintiff.

Legally Mine does not deny that it failed to offer a solution that was acceptable to Plaintiff.

Instead, Legally Mine asserts that its conduct is not sanctionable, because only "willful improper conduct" may justify sanctions under *Fitbit*. Leaving aside that Legally Mine's conduct is ample evidence of willfull impropriety, the standard for sanctions in the Ninth Circuit is broader, with an eye towards deterring conduct (intentional, reckless or otherwise) that impairs the integrity of the judicial process. S*ee Itel*, 791 F.2d at 675; *Fink*, 239 F.3d at 994.

Legally Mine has willfully refused to play by the rules. It continues to do so. And there are real costs to its conduct. It's protestation that it really wants to play, just by *different* rules, doesn't suffice. The AAA – chosen by Legally Mine – determined that the Consumer Rules apply. The AAA has a process by which this determination can be challenged. Legally Mine refused to use that process. Both the AAA and this Court offered a solution by which Legally Mine could return to arbitration if Legally Mine could come to some agreement with Plaintiff's counsel – Legally Mine didn't do that either.

REPLY ISO MOTION (1) TO LIFT STAY OF PROCEEDINGS AND REINSTATE PLAINTIFF'S CASE; (2) FOR ATTORNEYS' FEES AND ANCILLARY RELIEF; AND (3) TO PERMIT PLAINTIFF TO FILE AMENDED COMPLAINT [CLASS ACTION]; MEMORANDUM OF POINTS AND AUTHORITIES ISO SAME; SUPPLEMENTAL ROSENBERG-WOHL DECLARATION ISO SAMEDATE: FEBRUARY 27, 2020TIME: 9:00 AMROOM: E    4

And the record continues to show that Legally Mine has refused to take any steps to validate it's purported incorporation of the AAA rules in its contracts as the AAA has directed. Legally Mine is not listed as having an arbitration clause approved by the AAA *still*. *See* Supp. Rosenberg-Wohl Decl., para. 2. All this belies the declaration submitted just days ago stating "Legally Mine, LLC is willing to register its clause, pay all fees, and proceed with arbitration." *See* Dock. 76-2 at para. 8. Legally Mine's conduct is intentional, reckless and contrary to law.

The amount of time involved in replying to this opposition has been in excess of 3 hours, with 2 more anticipated in connection with the upcoming hearing. That's another completely unnecessary $3,125.00, leading to a total of $18,812.50 in fees (plus $24.00 in expenses). *See* Supp. Rosenberg-Wohl Decl. para. 3.

To the request for ancillary relief, Legally Mine says nothing, even about *Fitbit*, the authority for this proposition – which Legally Mine itself cited for a different purpose. Rather than attempting to distinguish this case from that of *Fitbit*, Legally Mine asserts – disingenuously – that "there is no basis or authority for this vague provisional relief."

///

///

///

///

3. <u>Legally Mine fails to provide good reason for denying Plaintiff the opportunity to amend his complaint</u>.

Legally Mine makes the assertion that there are no material changes to the complaint. That's simply wrong: Plaintiff has indicated precisely what information is new: paragraphs 55-56, and paragraphs 57i – 57l.

Legally Mine says the (original) complaint has impertinent and scandalous material. That's wrong too, but it can be addressed in a motion to strike if Legally Mine wants to waste even more time and money.

4. <u>Conclusion</u>

For the reasons described herein, Plaintiff requests that this Court grant him the relief he seeks and needs.

Dated this 4th of February, 2020.

                                              /s/ David M. Rosenberg-Wohl
                                              David M. Rosenberg-Wohl
                                              HERSHENSON ROSENBERG-WOHL
                                              A PROFESSIONAL CORPORATION

# SUPPLEMENTAL DECLARATION OF DAVID M. ROSENBERG-WOHL

1. I am David M. Rosenberg-Wohl, CEO of Hershenson Rosenberg-Wohl, A Professional Corporation, counsel for Kasra Eliasieh in this matter. I know the facts in this declaration from my own experience and knowledge and would testify to them if called as a witness.

2. Legally Mine is not listed as having an arbitration clause approved by the AAA as of today.

3. The amount of time involved in replying to this opposition has been in excess of 3 hours, with 2 more anticipated in connection with the upcoming hearing. That's another completely unnecessary $3,125.00, leading to a total of $18,812.50 in fees (plus $24.00 in expenses).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 4, 2020.

                                           _/s/_ David M. Rosenberg-Wohl_
                                           David M. Rosenberg-Wohl