OSTERGAR LAW GROUP P.C.
John E. Lattin IV (State Bar No. 167876)
9110 Irvine Center Drive
Irvine, California 92618
Telephone:  (949) 305-4590
Facsimile:   (949) 305-4591

*Admitted Pro Hac Vice*:
HOWARD, LEWIS & PETERSEN, P.C.
KENNETH PARKINSON (UT Bar No. 6778)
PETER L. LATTIN (UT Bar No. 12152)
120 East 300 North Street
Provo, Utah 84606
Telephone:  (801) 373-6345
Facsimile:   (801) 377-4991

Attorneys for Defendants,
LEGALLY MINE, LLC

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASRA ELIASHIEH, M.D., on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>LEGALLY MINE, LLC,<br><br>　　　　　　　　Defendant. | Case No.: 3:18-cv-03622-JSC<br><br>**ANSWER OF DEFENDANT LEGALLY MINE, LLC TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**Judge: Hon. Jacqueline S. Corley** |

  Defendant, Legally Mine, LLC, ("Legally Mine"), files an answer to Plaintiff's First Amended Complaint and Affirmative Defenses as follows:

## JURISDICTION AND VENUE

 1. Legally Mine admits that it is an LLC registered under the laws of Utah, and its two members are listed as Utah residents. Legally Mine is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies the remaining allegations.

2. Legally Mine admits that it enters into contracts with physicians such as Plaintiff who conduct business in California. To the extent a response is required, Legally Mine denies the allegations.

3. Legally Mine admits that it seeks to do business and does business in this District. It denies that it has transacted business with Plaintiff in this District. To the extent a response is required, Legally Mine denies the allegations.

## FACTUAL ALLEGATIONS

4. Legally Mine admits that Plaintiff has quoted selectively from portions of the Legally Mine website. Legally Mine denies the remaining allegations of paragraph 4 of the Amended Complaint.

5. Legally Mine admits that the selected statements appear in promotional material or on the company website. Legally Mine admits that it does not sell malpractice insurance. Legally Mine denies the remaining allegations of paragraph 5 of the Amended Complaint.

6. Legally Mine admits that the selected statements appear in promotional material or on the company website. Legally Mine denies the remaining allegations of paragraph 6 of the Amended Complaint.

7. Legally Mine admits the allegations of paragraph 7 of the Amended Complaint.

8. Legally Mine denies the allegations of paragraph 8 of the Amended Complaint.

9. Legally Mine denies the allegations of paragraph 9 of the Amended Complaint.

10. Legally Mine admits that it offers multiple products and services, but denies the remaining allegations of paragraph 10 of the Amended Complaint.

///

11. Legally Mine denies the allegations in paragraph 11 of the Amended Complaint.

12. Legally Mine denies the allegations in paragraph 12 of the Amended Complaint.

13. Legally Mine denies the allegations of paragraph 13 of the Amended Complaint.

14. Legally Mine denies the allegations in paragraph 14 of the Amended Complaint.

15. Legally Mine denies the allegations in paragraph 15 of the Amended Complaint.

16. Legally Mine admits that Plaintiff has quoted selectively from materials produced by Legally Mine. Legally Mine denies the remaining allegations of paragraph 16.

17. Legally Mine admits that Plaintiff has quoted selectively from materials produced by Legally Mine. Legally Mine denies the remaining allegations of paragraph 17.

18. Legally Mine admits that Plaintiff has quoted selectively from materials produced by Legally Mine. The remaining allegations reference a contract which is not attached. Legally Mine denies the remaining allegations of paragraph 18.

19. The allegations in paragraph 19 reference a contract which is not attached, and does not require an admission or denial. Legally Mine denies the remaining allegations of paragraph 19.

20. Legally Mine admits that Leland McKay spoke at an event in Chicago, but denies the remaining allegations of paragraph 20.

21. Legally Mine admits that Leland McKay spoke at an event in Chicago, but denies the remaining allegations of paragraph 21.

/ / /

22. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22, and on that basis, denies the same.

23. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23, and on that basis, denies the same.

24. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24, and on that basis, denies the same.

25. Legally Mine admits that Plaintiff has quoted selectively from materials produced by Legally Mine in paragraph 25. The referenced contract is not attached to the Amended Complaint. The allegations include incomplete statements of the Court's previous actions in this case—none of which require an admission or denial. To the extent that a response is required, Legally Mine denies the allegations in paragraph 25 of the Amended Complaint.

26. The allegations reference a contract which is not attached. Legally Mine denies the allegations in paragraph 26 of the Amended Complaint.

27. The allegations reference a contract which is not attached. Legally Mine denies the allegations in paragraph 27 of the Amended Complaint.

28. The allegations reference a contract which is not attached. Legally Mine denies the allegations in paragraph 28 of the Amended Complaint.

29. The allegations reference a contract which is not attached. Legally Mine denies the allegations in paragraph 29 of the Amended Complaint.

30. The allegations reference a contract which is not attached. Plaintiff has selectively quoted from materials produced by Legally Mine, but Legally Mine denies the remainder.

/ / /

31. Legally Mine denies the allegations in paragraph 31 of the Amended Complaint.
32. Legally Mine admits that Plaintiff has quoted selectively from materials produced by Legally Mine in paragraph 32.
33. Legally Mine denies the allegations in paragraph 33.
34. Legally Mine denies the allegations in paragraph 34.
35. The allegations in paragraph 35 reference documents which are not attached to the Amended Complaint. Legally Mine admits that it provided other documents to Plaintiff, but denies the remainder.
36. The allegations in paragraph 36 reference documents which are not attached to the Amended Complaint. Legally Mine admits that it provided additional documents to Plaintiff, but denies the remainder.
37. Legally Mine denies the allegations in paragraph 37 of the Amended Complaint.
38. The referenced contract is not attached to the Amended Complaint. To the extent that an additional response is required, Legally Mine denies the other allegations in paragraph 38.
39. Legally Mine denies the allegations in paragraph 39 of the Amended Complaint.
40. The referenced contract is not attached to the Amended Complaint. To the extent that an additional response is required, Legally Mine denies the other allegations in paragraph 40.
41. Legally Mine denies the allegations in paragraph 41 of the Amended Complaint.
42. The referenced contract is not attached to the Amended Complaint. To the extent that an additional response is required, Legally Mine denies the other allegations in paragraph 42.

/ / /

43. Legally Mine denies the allegations in paragraph 43 of the Amended Complaint.
44. Legally Mine denies the allegations in paragraph 44 of the Amended Complaint.
45. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 45, and on that basis, denies the same.
46. Legally Mine denies the allegations in paragraph 46 of the Amended Complaint.
47. Legally Mine denies the allegations in paragraph 47 of the Amended Complaint.
48. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 48, and on that basis, denies the same.
49. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 49, and on that basis, denies the same.
50. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 50, and on that basis, denies the same.
51. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 51, and on that basis, denies the same.
52. Legally Mine denies the allegations in paragraph 52 of the Amended Complaint.
53. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 53, and on that basis, denies the same.

54. The referenced contract is not attached to the Amended Complaint. To the extent that an additional response is required, Legally Mine denies the other allegations in paragraph 54.

55. Legally Mine denies the allegations in paragraph 55 of the Amended Complaint.

56. Legally Mine denies the allegations in paragraph 56 of the Amended Complaint.

57. To the extent this paragraph requires a response, Legally Mine denies the allegations in paragraph 57 of the Amended Complaint, and all subparagraphs included in paragraph 57.

58. To the extent this paragraph requires a response, Legally Mine denies the allegations in paragraph 58 of the Amended Complaint.

59. To the extent this paragraph requires a response, Legally Mine denies the allegations in paragraph 59 of the Amended Complaint.

60. To the extent this paragraph requires a response, Legally Mine denies the allegations in paragraph 60 of the Amended Complaint.

61. To the extent this paragraph requires a response, Legally Mine denies the allegations in paragraph 61 of the Amended Complaint.

62. Legally Mine denies the allegations in paragraph 62, and incorporates the other denials and defenses outlined in its answer to the Amended Complaint.

63. Legally Mine denies the allegations in paragraph 63 of the Amended Complaint.

64. Legally Mine denies the allegations in paragraph 64, and incorporates the other denials and defenses outlined in its answer to the Amended Complaint.

65. Legally Mine denies the allegations in paragraph 65 of Amended Complaint.

66. Legally Mine denies the allegations in paragraph 66, and incorporates the other denials and defenses outlined in its answer to the Amended Complaint.

67. Legally Mine denies the allegations in paragraph 67 of Amended Complaint

68. Legally Mine denies the allegations in paragraph 68, and incorporates the other denials and defenses outlined in its answer to the Amended Complaint.

69. Legally Mine denies the allegations in paragraph 69 of Amended Complaint

70. Legally Mine denies the allegations in paragraph 70, and incorporates the other denials and defenses outlined in its answer to the Amended Complaint.

71. Legally Mine denies the allegations in paragraph 71 of Amended Complaint

72. Legally Mine admits that Legally Mine used a form which utilized a credit card number. Plaintiff has not attached the form. To the extent that paragraph 72 requires any additional response, Legally Mine denies the remainder.

73. Legally Mine is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 73, and on that basis, denies the same.

74. To the extent paragraph 74, and its subparts require a response, Legally Mine incorporates its other denials and defenses, and otherwise denies the allegations in these paragraphs.

/ / /

/ / /

/ / /

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver, release, laches, estoppel, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff is not a class representative, has not satisfied the provisions of Fed. R. Civ. P. 23, and cannot certify a class.

**FOURTH AFFIRMATIVE DEFENSE**

This Court does not have jurisdiction because Plaintiff is not a class representative, has not satisfied the provisions of Fed. R. Civ. P. 23, cannot certify a class, and there is not a sufficient amount in controversy for the Court to maintain jurisdiction under 28 U.S.C. §1332.

**FIFTH AFFIRMATIVE DEFENSE**

This Court lacks jurisdiction because the parties agreed to venue and jurisdiction in Utah.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim to function as a class representative is barred because Plaintiff executed a class action waiver with Legally Mine.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff has not sustained damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the provisions of Cal. Civ. Code §1689.20-24 are void for vagueness, are overbroad, unenforceable or unconstitutional.

/ / /

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own conduct, including offsets under the doctrine of anticipatory breach, breach of contract, breach of the covenant of good faith and fair dealing, fraud, or unjust enrichment.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Legally Mine has fulfilled all of its contractual obligations.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is a failure to satisfy real-party in interest requirements.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because of unilateral or mutual mistake.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is unable to certify a national class, represent parties in other states outside of California, or assert violations of California consumer statutes on behalf of individuals residing outside of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to comply with the terms of his contract with Legally Mine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Legally Mine has tendered the amount of money at issue to Plaintiff as a refund.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he has failed to mitigate his damages.

///

///

**WHEREFORE, DEFENDANT PRAYS** that Plaintiff take nothing by his complaint and the Court dismiss it with prejudice.

Dated:  May 18, 2020                          OSTERGAR LAW GROUP P.C.


                                              By:   /s/ John E. Lattin IV
                                                    John E. Lattin IV
                                                    Attorneys for Defendant

# PROOF OF SERVICE

I am at least 18 years of age, and not a party to the within action. I am a resident of or employed in the County of Orange, State of California. My address is 9110 Irvine Center Drive, Irvine, California 92618. My electronic address is: cslovenec@ostergar.com

On May 18, 2020, I served the foregoing document(s) described as:

**ANSWER OF DEFENDANT LEGALLY MINE, LLC TO FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

on the interested parties identified in this action by the means of service designated below:

| | |
|---|---|
| David Michael Rosenberg-Wohl<br>Hershenson Rosenberg-Wohl, APC<br>315 Montgomery St., 8th Fl.<br>San Francisco, CA 94104<br>415-829-4330<br>Email: david@hrw-law.com | *Attorneys for Plaintiff* |

___ (By Mail Service) By depositing the sealed envelope(s) with the United States Postal Service at Yorba Linda, CA, with postage thereof fully paid. (C.C.P.§1013 and/or §1101 et seq.)

_X_ (By Electronic Transmission) I caused the described document(s) described herein electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E) and L.R. 5-1(h).

___ (By Overnight Courier) Pursuant to C.C.P.§1013(c)(d)), I caused described document(s) to be deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by an express service carrier to receive documents, in an envelope or package designated by that express service carrier with delivery fees paid or provided for, and addressed to the person(s) as indicated above on (Date:) August 3, 2015, at (Location:) FedEx 5645 E. La Palma Avenue, Suite 165, Anaheim, CA 92807.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 18, 2020, at Irvine, California.

*/s/ Christina Slovenec*
CHRISTINA SLOVENEC