OSTERGAR LAW GROUP P.C.
John E. Lattin IV (State Bar No. 167876)
9110 Irvine Center Drive
Irvine, California 92618
Telephone:  (949) 305-4590
Facsimile:   (949) 305-4591

*To be Admitted Pro Hac Vice*:
HOWARD, LEWIS & PETERSEN, P.C.
KENNETH PARKINSON (UT Bar No. 6778)
PETER L. LATTIN (UT Bar No. 12152)
120 East 300 North Street
Provo, Utah 84606
Telephone:  (801) 373-6345
Facsimile:   (801) 377-4991

Attorneys for Defendants,
LEGALLY MINE, LLC

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASRA ELIASHIEH, M.D., on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEGALLY MINE, LLC,<br><br>Defendant. | Case No.: 3:18-cv-03622-JSC<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:   June 1, 2020<br>Ctrm:  F. 15th Fl.<br>Judge: Hon. Jacqueline S. Corley |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the order of the Court on May 21, 2020. The document replaces that Joint Case Management Statement & Proposed Order ("prior JCMS") submitted in advance of the hearing on May 21 – to the extent anything herein contradicts the scheduling proposed in that prior JCMS, the scheduling here controls.

1. <u>Class Action issues</u>.

The court reinstated plaintiff's case in an order dated April 21, 2020. Consistent with that order, the parties held a case management conference and presented the court with a joint case management statement and proposed order for the case management conference held on May 21, 2020. At the case management conference, the court asked the parties to provide a supplemental schedule that would prioritize the class-wide discovery that had a bearing upon the presence, absence, or nature of any agreements between putative class members and Legally Mine to arbitrate their disputes.

2. <u>Disclosures</u>

The parties agree to each make initial disclosures by July 1, 2020.

3. <u>Discovery</u>

Class-wide discovery shall focus upon the presence, absence, or nature of any agreements between putative class members and Legally Mine to arbitrate their disputes. The parties and the Court recognize that economy may dictate that some discovery into broader class-related issues take place simultaneously. To the extent that any such broader class-related discovery remains after the prioritization described herein, the parties and the Court will address the appropriate schedule so that all class-wide discovery is completed before the class certification motion is brought, recognizing that the briefing and hearing schedule set forth below in paragraph 16 may need to be pushed out to accommodate.

The parties anticipate that a protective order will be entered prior to production of initial disclosures.

4. <u>Scheduling</u>

The parties shall serve this written discovery by July 1, 2020. The parties shall have until July 16, 2020 to negotiate changes to this discovery. The parties shall have until September 18, 2020 to respond to this written discovery.

/ / /

Plaintiff shall file a Motion for Class Certification under Fed. R. Civ. P. 23 and a memorandum in support by February 12, 2021. The motion for class certification shall include the following:

    a. The specific paragraphs of Fed. R. Civ. P. 23 under which the action is maintainable as a class action;

    b. A description of the class, classes, and/or subclasses, in whose behalf the action is brought; and

    c. Facts showing that the party is entitled to maintain the action under Fed. R. Civ. P. 23(a) and (b).

Defendant shall file a memorandum in opposition by **March 5, 2021.**

Plaintiff shall file a reply memorandum by **March 12, 2021.**

Hearing on class certification motion by **April 12, 2021.**

Dated:  June 3, 2020        OSTERGAR LAW GROUP P.C.

By: */s/ John E. Lattin IV*
John E. Lattin IV
Attorneys for Defendant

Dated:  June 3, 2020        HERSHENSON ROSENBERG-WOHL, a Professional Corporation

By: */s/ David M. Rosenberg-Wohl*
David M. Rosenberg-Wohl
Attorneys for Plaintiff

/ / /

/ / /

/ / /

/ / /

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

# **PROOF OF SERVICE**

I am at least 18 years of age, and not a party to the within action. I am a resident of or employed in the County of Orange, State of California. My address is 9110 Irvine Center Drive, Irvine, California 92618. My electronic address is: cslovenec@ostergar.com

On June 3, 2020, I served the foregoing document(s) described as:

**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**

on the interested parties identified in this action by the means of service designated below:

| | |
|---|---|
| David Michael Rosenberg-Wohl<br>Hershenson Rosenberg-Wohl, APC<br>315 Montgomery St., 10th Fl.<br>San Francisco, CA 94104<br>415-829-4330<br><br>Email: david@hrw-law.com | *Attorneys for Plaintiff* |

___   (By Mail Service) By depositing the sealed envelope(s) with the United States Postal Service at Yorba Linda, CA, with postage thereof fully paid. (C.C.P.§1013 and/or §1101 et seq.)

_X_   (By Electronic Transmission) I caused the described document(s) described herein electronically transmitted and served via the Pacer system. The above-listed counsel have consented to electronic service and have been automatically served by the Notice of Electronic Filing, which is automatically generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(E) and L.R. 5-1(h).

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 3, 2020, at Irvine, California.

                                                */s/ Christina Slovenec*
                                              CHRISTINA SLOVENEC